**Tagged Opinion**



## ORDERED in the Southern District of Florida on September 16, 2010.

John K. Olson, Judge
United States Bankruptcy Court

---

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                      Case No. 08-17980-BKC-JKO

**Trafford Distributing Center, Inc.**
*a/k/a Trafford Distribution Center, Inc.,*                 Chapter 7

      Debtor.

_____/

Soneet R. **Kapila**, *Chapter 7 Trustee*,

      Plaintiff,

                               Adversary Proceeding No.

**-v-**                                                     08-01759-JKO

Richard I. **Clark**, *as trustee for the Matthew
Wortley Trust d/b/a X Co. Finance,*

Richard I. Clark, *as trustee for the Matthew
Wortley Trust d/b/a X Co. Factoring Corp.,*

Richard I. Clark, *d/b/a X Co. Factoring Corp.,*

Richard I. Clark, *as trustee for the Matthew
Wortley Trust d/b/a X Co. Factoring Corp.,*

-1-

Richard I. Clark, *d/b/a X Co. Finance,*

Richard I. Clark, *as trustee for Joseph M.*
*Wortley Trust d/b/a X Co. Finance,*

Richard I. Clark, *as trustee for Joseph M.*
*Wortley Trust d/b/a X Co. Factoring Corp.,*

Richard I. Clark, *d/b/a Matthew Wortley Trust,*

Richard I. Clark, *d/b/a Joseph M. Wortley Trust,*

      Defendant(s).

_____/

Soneet R. **Kapila**, *Chapter 7 Trustee,*

      Plaintiff,

                        Adversary Proceeding No.

**-v-**

                        08-01792-JKO

**Liberty Properties at Trafford, LLC**,
Liberty Associates, LC, and
Advanced Vehicle Systems, LLC,

      Defendants.

_____/

Soneet R. **Kapila**, *Chapter 7 Trustee,*

      Plaintiff,

                        Adversary Proceeding No.

**-v-**

                        08-01793-JKO

Barbara **Wortley**,

      Defendant.

_____/

## AMENDED[1] ORDER DENYING MOTIONS TO RECUSE JUDGE

---

[1] This order amends ECF No. 215 in 08-01759, ECF No. 255 in 08-01792, and ECF No. 238 in 08-01793 to correct typographical errors which mistakenly referred to "11 U.S.C. § 455" instead of "28 U.S.C. § 455."

On August 24, 2010, the Defendants in these adversaries filed motions seeking my recusal.[2] The motions claim that these proceedings are tainted because my fiancé works for Ruden McClosky, the firm which represents the Plaintiff and Chapter 7 Trustee. An expedited hearing was conducted on August 26, 2010 at 1:30 p.m., and movants' counsel argued that I should henceforth recuse myself from any proceeding in which Ruden McClosky represents a party. Because the case law interpreting 28 U.S.C. § 455 consistently rejects this argument, I ruled from that bench that the motions would be denied, and that I would enter this formal written order detailing my reasoning.

*Discussion*

A bankruptcy judge should disqualify himself in any proceeding where his impartiality might reasonably be questioned.[3] Disqualification is also required:

>  (1)    Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>  (2)    Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>  (3)    Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>
>  (4)    He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be

---

[2]  *See* [ECF No. 211] in 08-01759; [ECF No. 251] in 08-01792; [ECF No. 233] in 08-01793.

[3]  28 U.S.C. § 455(a).

-3-

substantially affected by the outcome of the proceeding;

(5)     He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

     (i)     Is a party to the proceeding, or an officer, director, or trustee of a party;

     (ii)     Is acting as a lawyer in the proceeding;

     (iii)     Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

     (iv)     Is to the judge's knowledge likely to be a material witness in the proceeding.[4]

If one of the above-enumerated grounds for disqualification exist under 28 U.S.C. § 455(b), a judge may not accept a waiver of those grounds from the parties.[5] If, however, grounds for disqualification are not enumerated in § 455(b) and arise only under § 455(a), waiver may be accepted if it is preceded by a full disclosure on the record.[6]

The movants argue that these proceedings are tainted because there was no record disclosure of my relationship with my fiancé or his employment at Ruden McClosky. Record disclosure would have only been appropriate, however, if this basis for disqualification arose solely under § 455(a). My fiancé's employment falls squarely within the enumerated list of § 455(b) and, if recusal were required, § 455(e) would have explicitly prohibited me from accepting a waiver from the movants. Disclosure and waiver would have therefore been unavailable.

---

[4] 28 U.S.C. § 455(b).

[5] 28 U.S.C. § 455(e).

[6] *Id.*

I have a duty to *sua sponte* recuse myself when a disqualifying factor comes to light,[7] but it is clear that recusal is not required here. Regarding § 455(b)(1), I do not have a personal bias or prejudice concerning any of the parties in these adversary proceedings. Any strongly-worded language in my orders or in the courtroom has resulted from astonishment at how the Defendants have chosen to handle certain affairs over the past decade, and particularly in the months preceding this bankruptcy filing. I made factual findings regarding fraudulent activity and intent to deceive this court based upon the evidence presented, and my language reflected those findings. I have no personal knowledge of disputed evidentiary facts concerning these proceedings because my knowledge is based entirely upon the record and evidence presented at trial.

Regarding subsection (b)(2), I did not in private practice serve as a lawyer in these matters, nor has a lawyer with whom I previously practiced. I am not a material witness, and the only material witness licensed to practice law was Defendant Richard Clark. I have certainly never practiced in association with him.

Regarding subsection (b)(3), my only governmental employment has been as a bankruptcy judge. In that capacity I have, of course, not participated as counsel, adviser, or a material witness concerning these proceedings. I have expressed written and oral opinions concerning the merits of the particular matters in controversy, but I am the sitting judge and that is my job.

Regarding subsection (b)(4), I do not have, individually or as a fiduciary, a financial interest in the subject matter in controversy or in a party to these proceedings, or any other interest that could be substantially affected by the outcome of these proceedings. The core allegation in the motions is that my fiancé has an interest that could be substantially affected because he may one day become

---

[7] *See Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980); *Diaz v. Botet (In re Diaz)*, 182 B.R. 654, 659 (Bankr. D.P.R. 1995).

-5-

a partner at Ruden McClosky. But my fiancé is a salaried employee of the firm, not an equity partner. He is not directly involved in these proceedings, and case law is clear that this is too tenuous a relationship to require recusal.[8] Even if my fiancé were a partner, that would not necessarily require recusal, but would instead entitle the movants to discovery on the factual question of whether he would benefit.[9] As it stands, the movants are not entitled to discovery under (b)(4).

Regarding § 455(b)(5), neither I, nor my fiancé, nor my ex-wife, nor any person related to me within the third degree, nor their spouses: (i) is a party to these proceedings, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in these proceedings; (iii) is known by me to have an interest that could be substantially affected by the outcome of these proceedings; or (iv) to my knowledge has been or is likely to be a material witness in these proceedings. Regarding romanette ii, the movants proffer nothing (other than my fiancé's employment) to support their suspicion that my fiancé has acted as a lawyer in these proceedings. Rather, they argue that his employment, combined with my rulings against them, are sufficient basis to engage in a fishing expedition. Plaintiff's counsel stated in open court on August 26th that my fiancé has not worked as a lawyer in these proceedings, and the movants offer nothing other than bare suspicion in rebuttal. Regarding romanette iii, as discussed in the immediately preceding paragraph regarding subsection

---

[8] *Compare United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463 (5th Cir. 1977), *cert. denied*, 434 U.S. 1035 (1978) (holding that judge was not required to recuse himself when son was an associate in the firm) *with SCA Services, Inc. v. Morgan*, 577 F.2d 110 (7th Cir. 1977) (holding that the judge's brother was a senior partner in the firm and therefore financially interested, requiring recusal).

[9] *See Pashian v. Eccelston Properties, Ltd.*, 88 F.3d 77 (2d Cir. 1996) ("[I]t would be unrealistic to assume that partners in today's law firms invariably have an interest that could be substantially affected by the outcome of any case in which any other partner was involved."); *Nobelpharma Ab v. Implant Innovations, Inc.*, 930 F. Supp. 1241 (N.D. Ill. 1996) (holding that recusal was not required where judge's daughter was a partner in defendant's law firm, but performed no work on the case and did not represent the defendant in any matter).

(b)(4), my fiancé does not have an interest requiring my recusal under the substantial body of case law interpreting § 455 because he is not an equity partner in his firm.

That the movants filed these motions in the face of such overwhelming case law on the subject is surprising:

- In *Matter of Billedeaux*, the Fifth Circuit held that District Judge Clement did not have to disqualify herself when her husband was a <u>partner</u> in the law firm which actively represented the defendant in that case and other matters.[10]

- In *U.S. v. Miranne*, the Fifth Circuit likewise held that recusal is not required when accusations of potential bias are speculative in nature.[11]  Counsel for the movants effectively conceded at the August 26th hearing that their accusations are speculative and will remain so unless they get unwarranted discovery.

- In *Faith Temple Church v. Town of Brighton*, District Judge Larimer held that his son's employment as a salaried associate at the firm practicing before him did not require recusal, and his reasoning was followed by Bankruptcy Judge Gropper in *In re MarketXT Holdings Corp.*, stating that, "it is well accepted that a judge's relative does not have an 'interest that could be substantially affected' where the relative is an associate, as opposed to a partner, in a firm and does not participate in the case."[12]
My fiancé is not a partner at Ruden McClosky and there is nothing proffered (other than bare suspicion, his employment, and disagreement with my rulings) to suggest

---

[10]  *See Matter of Billedeaux*, 972 F.2d 104 (5th Cir. 1992).

[11]  *See U.S. v. Miranne*, 688 F.2d 980 (5th Cir. 1982), *cert. denied*, 459 U.S. 1109 (1983).

[12]  *See Faith Temple Church v. Town of Brighton*, 348 F.Supp.2d 18 (W.D.N.Y. 2004); *In re MarketXT Holdings Corp.*, 2006 WL 2583644, at *6 (Bankr. S.D.N.Y July 21, 2006).

that he has participated in this case.

• In *In re Mercedes-Benz Antitrust Litigation*, District Judge Wolin held that recusal was not required because his son's salary was fixed as a non-equity partner in the firm practicing before him, and further held that, "even equity partners must be considered on their merits before recusal is required."[13]

The cases go on and on, and just as I have a duty to *sua sponte* recuse myself when a disqualifying factor comes to light, I also have a duty to retain a case when faced with a meritless recusal motion.[14]

Because the movants' grounds for recusal fall squarely within § 455(b), and because the overwhelming body of case law consistently holds that recusal is not required in this situation, it is a red herring to argue for record disclosure. Record disclosure under § 455(a) is for the purpose of letting the parties decide whether to give record waiver. The parties have nothing to waive here, because recusal will never be appropriate on the sole basis that a judge's spouse is a salaried employee at a firm practicing before him. As stated by Bankruptcy Judge Gropper, "the fact that a judge's relative is an associate at a firm [representing] one of the parties does not in and of itself create an appearance of impropriety that requires recusal under 28 U.S.C. § 455(a)."[15] The movants would have me engage in pointless record disclosure at the beginning of every matter in which Ruden McClosky represents a party:

> For the record, I am getting married to an attorney who works for the

---

[13] *In re Mercedes-Benz Antitrust Litigation*, 226 F.Supp.2d 552, 556 (D.N.J. 2002).

[14] *See Diaz*, 182 B.R. at 659 ("the judge has the duty to sit where the facts do not substantiate recusal, thereby, preventing parties of interest from manipulating the system utilizing this provision") (citing *In re Allied-Signal Inc.*, 891 F.2d 967, 970 (1st Cir. 1989); *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.")).

[15] *MarketXT*, 2006 WL 2583644, at *6.

Plaintiff's firm. He is not involved in this case and recusal is therefore not required under 28 U.S.C. § 455(b)(5)(ii). He is a salaried attorney who has no interest which could be affected such that recusal is not required under 28 U.S.C. § 455(b)(4) or (b)(5)(iii). This record disclosure is required pursuant to § 455(a) and (e) to avoid any appearance of impropriety, but you are not entitled to withhold waiver because my fiancé's employment is an insufficient basis for recusal under the case law applying § 455. Please confer outside of my presence and notify my law clerk when you are prepared to give your mandatory record waiver.

And this is no joke. This is quite literally what the movants are asking for. Their misunderstanding of § 455 was painfully betrayed at the August 26th hearing when movants' counsel forcefully argued that I should recuse myself from any matter in which Ruden McClosky represents a party. Whether movants' counsel did not adequately research the case law on this subject, or simply did not digest it, I do not know. But fiery, impassioned oral argument in the face of a glass mountain of precedent, with no acknowledgment of that glass mountain, and no hint at a good faith basis for a change in the law? This is normally sanctionable under Fed. R. Bankr. P. 9011(b). The only reason why sanctions are not warranted here despite this appalling lack of diligence is the "layman perception" rule.

As Judge Larimer held in *Faith Temple Church*, "that a judge is not disqualified under § 455(b), is not, in itself, necessarily dispositive, since a judge must still determine whether a reasonable observer might think - even if incorrectly - that the judge does have a disqualifying interest."[16] But in determining whether a federal judge should recuse himself, he must ask how the facts would appear to a well-informed, thoughtful, and objective observer rather than the hypersensitive, cynical, and suspicious person.[17] Courts should take special care in reviewing

---

[16] *Faith Temple Church*, 348 F.Supp.2d at 21 (citing *In re Certain Underwriter*, 294 F.3d 297, 306 (2d Cir. 2002) ("Even where the facts do not suffice for recusal under § 455(b), however, those same facts may be examined as part of an inquiry into whether recusal is mandated under § 455(a)")).

[17] *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004).

recusal motions so as to prevent parties from abusing the recusal statute for a dilatory and litigious purpose based on little or no substantiated basis.[18]

In *Sensley v. Albritton*, the Fifth Circuit affirmed District Judge James' denial of a recusal motion very similar to the ones before me.[19]  After losing their case, the plaintiffs discovered that Judge James' wife was employed as a state assistant district attorney in the office that was representing the defendants.  They filed a motion under § 455(a), (b)(4), and (b)(5)(iii), and the Fifth Circuit affirmed Judge James' decision to remain on the case, using the Seventh Circuit's strong language regarding claims of impropriety under § 455(a):

> A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.[20]

The Fifth Circuit examined the alleged indirect benefit to Judge James and his wife, and held:

> Thus reduced to its essence, the Plaintiffs are contending that when an immediate family member is an at-will employee in the office representing a party, the impartiality of the judge is called into question. This court, however, has rejected a similar argument in *Weinberger*, where we recognized that a relative's mere at-will employment relationship with an agency or law firm representing a party before a district court judge in a particular case is insufficient to require a judge to recuse himself.[21]

Because my fiancé's employment at Ruden McClosky is an insufficient basis for recusal, and because nothing other than that employment and our upcoming marriage is offered to support the

---

[18] *Id.* at 598-99.

[19] *Id.* at 598-601.

[20] *Id.* at 599 (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)).

[21] *Id.* at 600.

-10-

movants' allegations, I will accordingly deny their recusal motions.

### Conclusion

The movants seek my recusal because my fiancé works at the law firm which represents the Plaintiff in these proceedings. They argue that mandatory grounds exist under 11 U.S.C. § 455(b), and that his employment and my rulings give rise to an appearance of impropriety under § 455(a).

My fiancé is not involved in these proceedings and he is not an equity partner at Ruden McClosky. The grounds for recusal asserted by the movants are explicitly addressed by § 455(b), and I find that recusal is not required under any of its provisions. I further find that no well-informed, thoughtful, and objective observer would argue that a sitting federal judge should recuse himself from every matter in which his spouse's firm represents a party, so long as: (1) his spouse is not involved in the case; (2) his spouse is not an equity partner in the firm; and (3) the guidelines imposed by Congress in § 455(b) are otherwise followed.

The Motion to Recuse Judge filed by Defendant Barbara Wortley in adversary proceeding **08-01793**-JKO at **ECF No. 233** is accordingly **DENIED**. The Motion to Recuse Judge filed by Defendants Advanced Vehicle Systems, LLC, Liberty Associates, LC, and Liberty Properties at Trafford, LLC, in adversary proceeding **08-01792**-JKO at **ECF No. 251** is accordingly **DENIED**. The Motion to Recuse Judge filed by Defendants Richard I Clark as Trustee For The Unidentified Matthew Wortley Trust d/b/a X Co. Factoring Corp, Richard I Clark as Trustee For the Unidentified Matthew Wortley Trust d/b/a X Co. Finance, Richard I Clark as Trustee for Matthew Wortley Trust d/b/a X Co. Factoring Corp, Richard I Clark as Trustee for Matthew Wortley Trust d/b/a X Co. Finance, Richard I Clark as Trustee for Joseph M. Wortley Trust d/b/a X Co. Factoring Corp., Richard I Clark d/b/a Joseph M. Wortley Trust, Richard I Clark d/b/a Matthew Wortley Trust,

Richard I Clark d/b/a X Co. Factoring Corp., Richard I Clark d/b/a X Co. Finance, and Richard I Clark, as Trustee for Joseph M. Wortley Trust d/b/a X Co. Finance in adversary proceeding **08-1759**-JKO at **ECF No. 211** is accordingly **DENIED**.

SO ORDERED.

# # #

Copies to:    Movants' counsel, who is directed to serve copies and file a certificates of service in each adversary proceeding within 7 days.